UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------X

KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD.,

               07-CV-3880
               (CPS)(SMG)



            Plaintiff,

     -against-

               MEMORANDUM
COMBO TRADING INC., HENG LONG TAN a/k/a  OPINION &
Mr. Chan, ANGUS WONG and John Does # 1-10,  ORDER

            Defendants.


--------------------------------------------X


SIFTON, Senior Judge.

   Plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,

brings this action against defendants Combo Trading Inc.; Heng

Long Tan, a/k/a Mr. Chan; Angus Wong; and John Does # 1-10.  In

the Amended Complaint, plaintiff alleges that defendants engaged

in (1) trademark infringement, pursuant to 15 U.S.C. § 1114; (2)

counterfeiting, pursuant to 15 U.S.C. § 1116; (3) trade dress

infringement, pursuant to 15 U.S.C. § 1125(a); (4) unfair

competition, pursuant to 15 U.S.C. § 1125(a); (5) dilution, under

NY Gen. Bus. Law, Section 360-L; and (6) common law unfair

competition.  On September 26, 2007, this Court granted

plaintiff's motion for an *ex-parte* seizure order, pursuant to 15

U.S.C. § 1116, and motion for a temporary restraining order.  On

October 10, 2007 a post-seizure and preliminary injunction

hearing was conducted before the undersigned.  On October 11, 2007, the seizure order was confirmed and the temporary restraining order was extended until October 18, 2007.  Now before this Court is plaintiff's motion for a preliminary injunction against all defendants.  Based on the findings of fact and conclusions of law set forth below, plaintiff's motion for a preliminary injunction is granted.

### BACKGROUND

The following findings of facts are derived from the underlying allegations in plaintiff's Complaint, affidavits submitted by plaintiff in connection with this motion, and from testimony provided at a hearing before the undersigned on October 10, 2007. There are no factual disputes between the parties and defendants do not oppose plaintiff's motion.

*Plaintiff's Business and Trademarks*

Plaintiff, a Hong Kong company, manufactures and distributes Cantonese food products such as sauces and seasonings under the name Koon Chun.  These products are manufactured in Hong Kong and sold to exporters who buy the products on behalf of distributors around the world.  The United States is one of plaintiff's largest markets.

Since September 1986, Plaintiff has been the owner of a trademark registered with the United States Patent and Trademark Office, featuring a distinctive design that is used

on all Koon Chun products and in conjunction with distinctive colors and shapes (including the shape of an antique Chinese wine glass) on product labels (the "trade dress"), which serves to distinguish the products for consumers. The label design has become associated by consumers and industry with plaintiff, and plaintiff enjoys substantial goodwill from the label design owing to the length of use and the design's distinctive nature.[1]

*Defendants' Activities*

There exists an illicit industry manufacturing, importing, distributing and selling unauthorized versions of products of the type made by plaintiff bearing counterfeit versions or colorable imitations of plaintiff's trademark in the United States. Over the last several years, since discovering that such counterfeiting was going on, plaintiff has initiated several actions in United States courts to halt these activities and has, on order of appropriate courts, seized a substantial number of counterfeit items. These seizures included a seizure authorized by this Court on July 18, 2007, during which 17 cases of counterfeit Koon Chun products were recovered and a seizure authorized by this Court on August 6, 2007, during which 236 cases and three loose cans of counterfeit Koon Chun products were recovered. In the current

---

[1] The trademark has been in use since 1927 and the current design of the product labels has been in use for over ten years.

action, plaintiff alleges that the defendants have engaged in
selling counterfeit products bearing plaintiff's trademark and
trade dress.

On August 22, 2007, for unexplained reasons, Koon Chun's
investigator went to a warehouse located at 111 13th Street,
Brooklyn, NY 11215 where he noticed the sign "Combo Trading
Inc." ("Combo") displayed at the premises. After informing an
unidentified individual at the door that he wanted to purchase
various sauce products, he was instructed to go to the office
inside the warehouse. On his way to the office, he noticed
about 50 cases of Koon Chun hoisin sauce and 50 cases of Koon
Chun thick soy sauce being stored on warehouse racks. He
observed that several of the hoisin sauce cases carried the
same code number LGTD06375X on each of the cases and several
cases of thick soy sauce carried the same code number
VPGX00500J on each of the cases. According to plaintiff,
genuine Koon Chun products carry a different code number on
each case. Based on these observations, the investigator
concluded that the contents of the cases were counterfeits.

When the investigator arrived at the office, he placed an
order with another unidentified individual for one case of Koon
Chun hoisin sauce, one case of Koon Chun thick soy sauce, one
case of Koon Chun ground bean sauce, one case of Lee Kum Kee
Panda brand oyster sauce, and one case of Koon Chun red

vinegar.  The investigator was provided with a handwritten invoice that did not list the brand names, only the product descriptions.  The investigator paid $115.25 in cash for the purchase.  The investigator asked for and received a calling card.  The card stated "Combo Trading Inc." with the name of "Sai Kin Lam" in Chinese.  The investigator asked the man who sold the goods to him whether he was Mr. Lam.  The man replied that his surname was Chan and that Mr. Lam was his colleague.

When the investigator later inspected the products he had purchased, he found that the one case of Koon Chun hoisin sauce, one case of Koon Chun thick soy sauce, and one case of Koon Chun ground bean sauce, contained counterfeit goods.[2] According to Koon Chun's investigator, the boxes of these products were hand-glued, in contrast to authentic Koon Chun boxes which are machine glued.  In addition, the number "1" on the date/time stamp on the counterfeit products had a short horizontal line at the bottom of the number, while authentic Koon Chun products have no such line.

Following the purchase of the counterfeit products, plaintiff conducted a search for Combo on the website of the New York State Department of State, Division of Corporations, the results of which showed defendant Angus Wong ("Wong") as the Chairman or Chief Executive Officer of Combo.

---

[2] Apparently, the other products were authentic.

On September 17, 2007, plaintiff filed an *ex parte* motion for a seizure order with the undersigned, which was denied without prejudice to its renewal.

On September 20, 2007, plaintiff's investigator returned to Combo's warehouse located at 111 13th Street, Brooklyn, NY 11215. On his way to the office he noticed approximately 50 cases of Koon Chun thick soy sauce stored on warehouse racks. He observed that several of the thick soy sauce cases carried the same code number VPGX00500J. Because genuine Koon Chun products carry a different code number on each case the investigator concluded that the contents of the thick soy sauce cases were counterfeit. The investigator also noticed approximately 20 boxes of Koon Chun ground bean sauce stored on warehouse racks. The investigator observed that one of the boxes was open and that the side flap of the opened box did not have the four-line glue pattern produced by Koon Chun's machines. The investigator therefore determined that the contents of the ground bean sauce boxes were also counterfeit.

Once inside the office, the investigator purchased one case of Koon Chun thick soy sauce, one case of Koon Chun ground bean sauce, one case of Lee Kum Kee Panda brand oyster sauces and one case of Koon Chun red vinegar from Mr. Chan, the same individual who sold him the items on August 22, 2007. The investigator asked for and received a business card from Mr.

Chan. The card stated the name "Heng Long Tan" along with the corresponding Chinese characters.[3] The investigator paid $93 for the purchases and received an invoice containing generic descriptions of the products purchased.

When the investigator later inspected the products he had purchased, he found that the one case of Koon Chun thick soy sauce and one case of Koon Chun ground bean sauce contained counterfeit goods.[4] According to Koon Chun's investigator, the boxes of these products were hand-glued, in contrast to authentic Koon Chun boxes which are machine glued. In addition, the number "1" on the date/time stamp on the counterfeit products had a short horizontal line at the bottom of the number, while authentic Koon Chun products have no such line.

The undersigned granted a seizure order and temporary restraining order against defendants on September 26, 2007 and signed an order to show cause as to the present motion, returnable October 10, 2007. As established at the post-seizure hearing, pursuant to the seizure order, on October 1, 2007 the United States Marshals seized 41 boxes (6 cans per box) and 3 loose cans of counterfeit Koon Chun thick soy sauce, 13 boxes

---

[3] The Chinese character corresponding to the surname "Tan" is pronounced as "Chan" in Cantonese.

[4] Apparently, the other products were authentic.

of counterfeit Koon Chun ground bean sauce, 4 loose cans of counterfeit Koon Chun hoisin sauce, 1 loose can of counterfeit Koon Chun double black soy sauce, 1 empty counterfeit box for Koon Chun hoisin sauce, 1 copy of a computer file, and 10 Excelsior Trading Company invoice copies from 111 13th Street, Brooklyn, NY 11215.  Defendants Heng Long Tan ("Tan") and Wong were present at the time of the seizure.  Wong informed the marshals that prior to the seizure he was not aware that there were counterfeit Koon Chun products in his inventory.  Wong also informed the marshals that the counterfeit products were purchased from Excelsior Trading Company, a defendant in a related case, and provided the aforementioned 10 invoice copies as documentation of those purchases.

## DISCUSSION

Plaintiff moves for a preliminary injunction barring defendants and all those acting in concert with them from making unauthorized use of plaintiff's trademark; manufacturing, distributing or facilitating the commerce in counterfeit products bearing plaintiff's trademark; disposing of any merchandise bearing an unauthorized copy of plaintiff's trademark and instead delivering such items to plaintiff; disposing of any records relating to commerce in items bearing plaintiff's trademark; destroying or modifying counterfeit products or documents related to those products; and from

notifying suppliers of the counterfeit products that a seizure
has occurred or otherwise assisting others engaged in the
production, distribution or sale of counterfeit products bearing
plaintiff's trademark.

Pursuant to Federal Rule of Civil Procedure 65(a), a
preliminary injunction is appropriate if the movant shows (a)
irreparable harm in the absence of an injunction and (b) either
(1) likelihood of success on the merits or (2) sufficiently
serious questions going to the merits to make them a fair ground
for litigation and a balance of hardships tipping decidedly
toward the party requesting the preliminary relief. *Gold v.
Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996).

In a trademark infringement action, "proof of a likelihood
of confusion establishes both a likelihood of success on the
merits and irreparable harm." *Brennan's, Inc. V. Brennan's
Rest., L.L.C.,* 360 F.3d 125, 129 (2d Cir. 2004). "[T]he Court
need not undertake a factor-by-factor analysis under *[Polaroid
Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961) to
determine likelihood of confusion] because counterfeits, by
their very nature, cause confusion." *Gucci America, Inc. v. Duty
Free Apparel, Ltd.*, 286 F.Supp.2d 284, 287 (S.D.N.Y. 2003).

Plaintiff has produced sufficient evidence to support a
finding of likelihood of confusion.  On two separate occasions,
once in August 2007 and once in September 2007, plaintiff's

investigator purchased counterfeit Koon Chun products from defendant Tan, on behalf of defendant Combo. On October 1, 2007 more than 50 boxes of counterfeit products were seized from Combo's warehouse, while both defendants Tan and Wong were present. Therefore, plaintiff has demonstrated the likelihood of confusion necessary for both a finding of irreparable harm and likelihood of success on the merits.[5]

Accordingly, based on the above findings of fact and conclusions of law, and as set forth in the accompanying order, the motion for a preliminary injunction against defendants is granted.

## CONCLUSION

For the reasons set forth above, and as set forth in the accompanying order, plaintiff's motion is granted. The clerk is directed to transmit a filed copy of the within to all parties and the magistrate judge.

SO ORDERED.

Dated :    October 17, 2007
           Brooklyn, New York


                    By: /s/ Charles P. Sifton (electronically signed)

                                United States District Judge

---

[5] Defendant Wong's statement that he was not aware that the seized Koon Chun products were counterfeit does not weigh against a finding of likelihood of success because a showing of intent is not required to prove trademark infringement under the Lanham Act. *See Lois Sportswear, USA, Inc. v. Levi Strauss & Company,* 799 F.2d 867, 875 (2d Cir. 1986).